UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>              Plaintiff,<br><br>   v.<br><br>ROBERT HERZOG, et. al.,<br><br>             Defendants. | CASE NO. C16-5629 BHS-JRC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Before the Court is plaintiff's motion for appointment of counsel. Dkt. 2. There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. The Court has authority to request that counsel represent a party. See 28 U.S.C. § 1915(e)(1). To make the request, the Court must find exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986*); Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires the

Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn*, 789 F.2d at 1331.

Plaintiff alleges that defendants placed him in segregation on disciplinary, pre-hearing confinement due to an infraction written by defendant Scott alleging that plaintiff threatened and assaulted him. Dkt. 9 at 4. While in segregation, plaintiff's mental health began to deteriorate. Dkt. 9 at 5. Plaintiff states he was placed in the hospital's mental health unit on close observation. *Id.* at 5. On or about July 22, 2015, plaintiff attempted suicide by tying a sheet around his neck and tying the sheet to a metal sprinkler. *Id*. Plaintiff claims that defendants refused to get a mental health provider and instead, threatened him with a can of mace and ordered plaintiff to get down. *Id.* Plaintiff states that he has severe depression and continued segregation escalates his mental health conditions. *Id*. at 7. Plaintiff has adequately articulated a claim under the Eighth Amendment. While the claim may have merit, it is not possible to determine plaintiff's likelihood of success at this point in the litigation.

Plaintiff has demonstrated his ability to articulate his claims. Because there are no exceptional circumstances compelling the Court to appoint counsel at this time, the Court denies plaintiff's motion for appointment of counsel.

Dated this 10th day of August, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2