UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S LONGSHORE,

        Plaintiff,

  v.

ROBERT HERZOG et al.,

        Defendants.

CASE NO. 3:16-CV-05629-BHS-JRC

ORDER ON SEVERAL MOTIONS

Before the Court are the following motions filed by plaintiff: (1) Motion to Appoint Expert Witness (Dkt. 36); (2) Motion for Reconsideration of the Order Finding Moot the Second Motion for Leave to Appeal In Forma Pauperis ("IFP") (Dkt. 39); (3) Motion for Leave to File a Second Amended Complaint (Dkt. 58); and (4) Motion to Direct Defendants to Amend Answer (Dkt. 61).[1]

---

[1] The Court notes that plaintiff's Motion to Withdraw and/or Dismiss the Motion for Preliminary Injunction (Dkt. 13) is also pending, but has been referred to District Judge Settle. *See* Dkts. 54, 57, Dkt. entry dated October 12, 2016.

1.  <u>Motion to Appoint Expert Witness (Dkt. 36)</u>

Plaintiff moves for the Court to appoint expert witness, David Moore. Dkt. 36. Plaintiff contends that an expert is necessary to conduct an evaluation and "explain Plaintiff's theory of the case." *Id.* at 4. Defendants oppose plaintiff's motion. Dkt. 43.

Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion and the complexity of the matters to be determined and the need for neutral expert review. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997).

The Court finds that an expert is not required in this case. The questions of whether defendants have violated plaintiff's rights by failing to provide him with medical care are not so complicated or difficult that experts are required to present or prove the case. Accordingly, plaintiff's motion for the appointment of an expert witness (Dkt. 36) is denied.

2.  <u>Motion for Reconsideration of the Order Finding Moot the Second Motion for Leave to Appeal IFP (Dkt. 39)</u>

Plaintiff seeks reconsideration of the Court's Order Finding his Second Motion to Proceed IFP Moot (Dkt. 32). Dkt. 39. The basis for plaintiff's motion is unclear. However, the Court interprets plaintiff's motion to seek reconsideration because plaintiff actually intended for his second IFP application to be filed in conjunction with this appeal to the Ninth Circuit Court of Appeals, and not a duplicative application in the instant case. *See* Dkt. 39. In addition, plaintiff asks for a ruling on his motion for reconsideration of the Court's Order Denying his Motion to Appoint Counsel (Dkt. 15). Dkt. 39.

1   Motions for reconsideration are disfavored under the Local Rules. *See*, Local Rule 7 (h).
2   "The Court will ordinarily deny such motions in the absence of a showing of manifest error in
3   the prior ruling or a showing of new facts or legal authority which could not have been brought
4   to its attention earlier with reasonable diligence." *Id*.
5   As to plaintiff's motion for reconsideration of his second application to proceed IFP, the
6   Court explained in the original order that plaintiff was already granted IFP in the instant case.
7   Dkt. 32. To the extent that plaintiff intended for his second application to proceed IFP to be filed
8   with the Ninth Circuit Court of Appeals, the Ninth Circuit has dismissed his appeal for lack of
9   jurisdiction as the order challenged was not final or appealable. Dkt. 40. Thus, even if plaintiff
10  sought IFP status on appeal, his appeal has already been denied, and his second application to
11  proceed IFP is moot. Plaintiff fails to show manifest error in the prior ruling or present new facts
12  or legal authority for his position that could not have been brought to its attention earlier with
13  reasonable diligence.
14  As to plaintiff's request that the Court enter a ruling on his prior motion for
15  reconsideration (Dkt. 15), District Judge Settle entered an order denying reconsideration on
16  September 20, 2016. *See* Dkt. 37. Thus, plaintiff's request is moot.
17  Accordingly, plaintiff's motion for reconsideration (Dkt. 39) is denied.
18      3.  <u>Motion for Leave to File Second Amended Complaint (Dkt. 58)</u>
19  Plaintiff seeks leave to file a second amended complaint (Dkt. 58) and attached his
20  proposed second amended complaint (Dkt. 58-1). Defendants do not oppose plaintiff's motion,
21  but request that plaintiff comply with Local Rule 15 in filing his second amended complaint.
22  Dkt. 63.
23
24

1   "In deciding whether justice requires granting leave to amend, factors to be considered

2   include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to

3   cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of

4   the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir.

5   1989). Given the liberal standard of Rule 15(a)(2), and that defendants have no objection, the

6   Court grants plaintiff's motion for leave to file a second amended complaint (Dkt. 58).

7   Defendants request that plaintiff comply with Local Rule 15 in submitting his proposed

8   second amended complaint and indicate on the proposed amended pleading how it differs from

9   the pleading that it amends by bracketing or striking through the deleted text and underlining or

10  highlight the text to be added. Dkt. 63. Plaintiff states that he cannot comply with this request

11  because he does not have a copy of the local rules, and he is mentally ill. Dkt. 65.

12  Local Rule 15 provides:

13  > A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of
14  > the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended
15  > pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and
16  > underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of
17  > the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading
18  > was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting
19  > leave to amend, unless the court orders otherwise.

20  LCR 15.

21  The Court finds that a liberal construction of plaintiff's motion for leave to file second

22  amended complaint satisfies Local Rule 15. Plaintiff is proceeding *pro se* and his allegations

23  must be viewed under a less stringent standard than allegations of plaintiffs represented by

24

1 counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). Plaintiff
2 attached his proposed second amended complaint to his motion and plaintiff's pleadings should
3 be afforded liberal and flexible construction as long as defendants receive sufficient notice of the
4 claims alleged in his second amended complaint.

5 Moreover, if plaintiff wishes a complete copy of this Court's Local Rules, he must submit
6 payment of $72.50 (145 pages at $.50 per page) to the Clerk's Office. Alternatively, a free copy
7 of the rules is available at: http://www.wawd.uscourts.gov/referencematerials/localrules.htm. If
8 plaintiff is unable to access the Local Rules online or by request to plaintiff's counselor or
9 Washington State Penitentiary ("WSP") law librarian, plaintiff is advised to file a motion and
10 advise the Court of the circumstances at WSP.

11 The Clerk is directed to docket plaintiff's proposed amended complaint (Dkt. 58-1) as his
12 Second Amended Complaint. The Clerk's office is also ordered to provide plaintiff with a copy
13 of the pro se information sheet, prisoner litigation manual, and copying charge letter, all of which
14 have relevant information related to the Local Rules.

15 The Court also notes that plaintiff filed a duplicate of his second amended complaint and
16 over 400 pages of exhibits with the Court. *See* Dkt. entry dated October 18, 2016. As this case is
17 only in the pleading stage, plaintiff need not support his claims with evidence. *See* Fed. R. Civ.
18 P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562–563, (2007) (*citing Conley v.*
19 *Gibson*, 355 U.S. 41 (1957) (Rule 8 only "requires a complaint to include a short and plain
20 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant
21 fair notice of what the claim is and the grounds upon which it rests."). Thus, the Court declines
22 to consider plaintiff's duplicate complaint and exhibits at this time. As plaintiff's exhibits were

23
24

filed electronically and he is in possession of the originals, the exhibits will not be returned to him.

4. <u>Motion to Direct Defendants to Amend Answer (Dkt. 61)</u>

Plaintiff moves for the Court to order defendants to file an answer to his amended complaint. Dkt. 61 Defendants respond that plaintiff's motion is premature. Dkt. 64. The Court agrees.

In this Order, the Court granted plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 58), however, defendants have not yet been served with the Second Amended Complaint and their time to file an answer has not yet expired. *See* Fed. R. Civ. P. 12.

Accordingly, the Court denies plaintiff's Motion to Direct Defendants to Amend Answer (Dkt. 61).

## CONCLUSION

1. Plaintiff's Motion to Appoint Expert Witness (Dkt. 36) is denied.
2. Plaintiff's Motion for Reconsideration of the Order Finding Moot the Second Motion for Leave to Appeal In Forma Pauperis ("IFP") (Dkt. 39) is denied.
3. Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 58) is granted. The Clerk is ordered to docket plaintiff's proposed Second Amended Complaint (Dkt. 58-1) as his Second Amended Complaint.
4. Plaintiff's Motion to Direct Defendants to Amend Answer (Dkt. 61) is denied.

Dated this 24th day of October, 2016.

J. Richard Creatura
United States Magistrate Judge