UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S LONGSHORE,<br><br>             Plaintiff,<br><br>    v.<br><br>ROBERT HERZOG,<br><br>             Defendants. | CASE NO. 3:16-CV-05629-BHS-JRC<br><br>ORDER |

Before the Court is plaintiff's motion to transfer. Dkt. 87. Defendants filed a response stating that they take no position on plaintiff's motion. Dkt. 89. Because defendants do not oppose plaintiff's motion, and transferring this case to the Eastern District of Washington best serves the convenience of the parties and the interests of justice, the Court grants plaintiff's motion.[1]

---

[1] Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners,* 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013); *Corrinet v. Burke,* 2012 WL 1952658, at *6 (D.Or. Apr. 30, 2012); *Shenker v. Murasky,* 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.,* 141 F.R.D. 697, 697 (W.D. La. 1991) ("Since [a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of

| | |
|---|---|
| 1 | BACKGROUND |
| 2 | Plaintiff requests this case be transferred because he currently resides in the Eastern |
| 3 | District,[2] defendants reside in the Eastern District, the claims arose in the Eastern District, and it |
| 4 | would be most convenient for this case to be litigated the Eastern District. Dkt. 87 at 1-2. |
| 5 | Plaintiff states that after receiving public disclosure records and discovery responses, this case |
| 6 | "revolves around the Washington State Penitentiary, its employees[,] with only a few defendants |
| 7 | outside this jurisdiction." *Id.* at 2. Plaintiff also contends that at the beginning of the case he |
| 8 | believed that he had to file the case in the Western District because defendants were employees |
| 9 | of the Department of Corrections which is located in Olympia, Washington. *Id.* |
| 10 | Defendants take no position on plaintiff's motion. Dkt. 89. However, defendants note that |
| 11 | while the parties have not yet filed dispositive motions and plaintiff's motion may be premature |
| 12 | at this time, if plaintiff's claims survive summary judgment, holding a trial in the Eastern District |
| 13 | of Washington would be more convenient for the witnesses and parties. *Id.* |
| 14 | DISCUSSION |
| 15 | When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in |
| 16 | which any defendant resides, if all of the defendants reside in the same state; (2) the district in |
| 17 | which a substantial part of the events or omissions giving rise to the claim occurred, or a |
| 18 | substantial part of the property that is the subject of the action is situated; or (3) a judicial district |
| 19 | in which any defendant may be found, if there is no district in which the action may otherwise be |
| 20 | brought. *See* 28 U.S.C. § 1391(b). |

---

Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.").

[2] The court notes that at the time plaintiff filed his motion to transfer, he was housed at Washington State Penitentiary in Walla Walla, Washington. Dkt. 87. However, plaintiff was transferred to Stafford Creek Corrections Center several weeks later on December 20, 2016. Dkt. 94.

Plaintiff brings this complaint against employees of the Washington State Penitentiary in Walla Walla, Washington. Dkt. 68. Because defendants are located in the Eastern District of Washington and the events giving rise to the claim occurred in that judicial district, venue would be proper in the Eastern District. *See* 28 U.S.C. § 1391(b).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."28 U.S.C. § 1406(a). Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted); *see Dermendziev v. Washington,* 624 F. App'x 454, 455 (9th Cir. 2015) (upholding dismissal without prejudice of claims related to conditions of confinement in district where venue was improper). Courts weigh several factors to determine whether to transfer a case pursuant to § 1404(a), including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones,* 211 F.3d at 498–99.

The Court finds that these factors weigh in favor of transfer to the Eastern District. First, plaintiff's choice of forum is the Eastern District and defendants do not oppose plaintiff's motion. Second, plaintiff's claims arose in the Eastern District at WSP. Third, the majority of the witnesses are located in the Eastern District. Fourth, any connection to the Western District, including the fact that the DOC is headquartered in Olympia, Washington and plaintiff is now

housed at SCCC, is attenuated at best. Accordingly, the Court orders that this case be transferred to the United States District Court for the Eastern District of Washington.

Dated this 18th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER - 4