UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT HERZOG, et. al.,<br><br>　　　　　Defendant. | No. 4:17-cv-05003-MKD<br><br>ORDER<br><br>ECF Nos. 69, 88, 93, 95, 96, 97, 107, 118, 122, 125, 126, 127, 128, 131, 132 |

The Court conducted a telephonic hearing on March 23, 2017. Both parties were present telephonically, with Washington State Assistant Attorney General Jerry Scharosch representing all served Defendants.

Plaintiff is a prisoner proceeding *pro se*. Plaintiff's Second Amended Complaint (ECF No. 68) alleges nine causes of action under various state and federal laws. This case was initially brought in the Western District of Washington, and was transferred to the present district on January 17, 2017.

ORDER - 1

BEFORE THE COURT are fifteen pending motions (ECF Nos. 69, 88, 93, 95, 96, 97, 107, 118, 122, 125, 126, 127, 128, 131, 132). This order memorializes the Court's rulings on the record at the hearing.

**A. ECF No. 69 Plaintiff's Second Motion to Appoint Counsel**

Plaintiff moves this Court to appoint counsel. ECF No. 69. There is no right to appointed counsel in cases brought under 42 U.S.C. § 1983. The Court is authorized to appoint counsel to represent indigent civil litigants under 28 U.S.C. § 1915(e) only in "exceptional circumstances." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). The Ninth Circuit has articulated the requirement of "exceptional circumstances" as follows:

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff brought his first motion to appoint counsel (ECF No. 2) in the Western District of Washington, which the court denied finding that "it is not possible to determine plaintiff's likelihood of success at this point in the litigation[,]" and that "Plaintiff has demonstrated his ability to articulate his claims." ECF No. 11 at 2. Plaintiff appealed the ruling to

ORDER - 2

the presiding district court judge, who affirmed the denial of appointment. ECF No. 37.

Here, the Court finds that Plaintiff's circumstances have not significantly changed since the prior court denied his motion to appoint counsel. Plaintiff's claims have not significantly changed since his first motion and his ability to articulate his claims remains adequate. Furthermore, the litigation has not progressed such that it is possible to find that Plaintiff is sufficiently likely to succeed on the merits. Therefore, Plaintiff's Second Motion to Appoint Counsel, ECF No. 69, is DENIED.

**B. ECF No. 88 Plaintiff's Motion for a Joint Status Report and Discovery Plan**

Plaintiff moves this Court to issue a pretrial scheduling order to supersede ECF No. 85—the Pretrial Scheduling Order set by the court in the Western District of Washington. Specifically, Plaintiff asks this Court to "order a joint status report, a discovery plan and all other normal procedures outlined in the rules." ECF No. 88 at 1.

Unless amended by local rule, a scheduling order must "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Including other deadlines is at the discretion of the Court. Fed. R. Civ. P. 16(b)(3). The existing scheduling order, ECF No. 85, meets the requirements of Rule 16. The Court finds no reason to delay litigation by resetting

ORDER - 3

existing deadlines. Therefore, the Court declines to issue a pretrial scheduling order to supersede ECF No. 85. The parties are directed to comply with the deadlines set forth in ECF No. 85, except as modified by this order.

### C. ECF No 97 Plaintiff's Motion to Compel Discovery and Set a Telephonic Conference with the Court

Plaintiff seeks a number of items in discovery. ECF No. 97 at 5-7. The Court's order is summarized as follows:

12(a): Granted.

12(b): Granted.

12(c): Denied.

12(d) and (e): Granted but with the following limitations: limited to documents from Washington State Penitentiary intensive management unit, specific to mental health treatment, between June 2015 and December 2016.

12(f): Granted to the extent they have not already been disclosed.

12(g): Granted.

12(g): Denied. Defendants indicate the records have been produced.

13: Held in abeyance.

14: Denied. Defendants indicate the records have been produced.

15: Denied. Defendants indicate the records have been produced.

16: Granted to the extent they exist.

17: Denied. Plaintiff withdrew request.

ORDER - 4

18:  Granted to the extent they have not already been disclosed.

**D. ECF No. 118 Defendants' Motion to Stay Discovery Pending Resolution of Summary Judgment**

Defendants request the Court stay discovery pending resolution of summary judgment.  ECF No. 118.  Defendants have ceased providing Plaintiff discovery pending the Court's ruling on this motion.  The court has broad discretionary powers to control discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Defendants' argue that the amount of discovery required by Plaintiff is unduly burdensome.  Plaintiff has 235 requests for admission outstanding, in addition to other discovery requests.  ECF No. 118 at 4.  A party is limited to fifteen requests for admission in this district.  Local Rule 36.1(b).  During the hearing, the Court instructed Plaintiff to resubmit RFAs, consistent with the local rule.  Defendants are not required to respond to the existing RFAs.

Consistent with this Court's order, there are matters remaining in discovery potentially relevant to Plaintiff to response to Defendants' summary judgment motion.  Therefore, Defendants' motion to stay discovery is denied.

**E. ECF No. 125 Plaintiff's Motion to Issue a Subpoena *Duces Tecum***

First, Plaintiff seeks a subpoena to be served by the US Marshal Service upon the Skokomish Indian Tribe to deliver all mental health records pertaining to Plaintiff in their possession.  Because Plaintiff is proceeding *in forma pauperis*, he

ORDER ~ 5

1  is generally entitled to obtain service of a subpoena *duces tecum* by the USMS.  28

2  U.S.C. § 1915(d); *see also Heilman v. Lyons,* 2010 WL 5168871, at *1 (E.D. Cal.

3  Dec. 13, 2010).  However, the authorization of a subpoena *duces tecum* by an *in*

4  *forma pauperis* plaintiff is subject to limitations.  *See Heilman,* 2010 WL 5168871,

5  at *1; *Johnson v. Cheryl*, 2013 WL 129383 at *5 (D. Nev. Jan. 9, 2013)

6  (unpublished) (citing *Alexander v. Cal. Dep't of Corrections,* 2010 WL 5114931 at

7  *3 (E.D. Cal. Dec. 9, 2010)).  Because personal service of a subpoena *duces tecum*

8  is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its

9  resources personally serving a subpoena is not taken lightly by the court."

10  *Johnson*, 2013 WL 129383 at *5 (citing *Frazier v. Redding Police Dep't*, 2012 WL

11  5868573 at *8 (E.D. Cal. Nov. 19, 2012)).  "Limitations include the relevance of

12  the information sought as well as the burden and expense to the non-party in

13  providing the requested information."  *Id.* (citations omitted).  Seeing no objection

14  from the Defendants, Plaintiff's request in this regard is granted.  At the Court's

15  request, Plaintiff contacted the Skokomish Indian Tribe regarding service of

16  process of this subpoena.  ECF No. 151.  Plaintiff represents that the tribe will

17  accept service via US Mail from the US Court.  ECF No. 151.  Therefore, the US

18  Marshal Service is directed to serve a subpoena via US Mail upon the Skokomish

19  Indian Tribe to deliver all mental health records in their possession relating to

20  Charles S. Longshore. The subpoena should be sent to:

ORDER - 6

      Skokomish Indian Tribe
      Attn: Legal Dept
      N. 80 Tribal Center Road
      Skokomish Nation, WA 98584

Second, Plaintiff seeks a subpoena to be served upon Washington State Penitentiary for photographs of "(1) A segregation cell in WSP-IMU-South and (2) A picture of cell ecko 6 at WSP-HSB-MHU and (3) a picture of the yard in WSP-IMU-South." ECF No. 125 at 2. Finding these materials are not necessary for Plaintiff to answer Defendants' motion for summary judgment, the Court holds in abeyance Plaintiff's request until after the resolution of summary judgment.

**F. ECF No. 127 Plaintiff's Second Motion to Appoint Expert**

Plaintiff moves this Court to appoint an expert witness. ECF No. 127. The Court has broad discretion to appoint a neutral expert under Federal Rule of Evidence 706. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997). Plaintiff brought his first motion to appoint an expert witness (ECF No. 36) in the Western District of Washington, which the court denied finding that "[t]he questions of whether defendants have violated plaintiff's rights by failing to provide him with medical care are not so complicated or difficult that experts are required to present or prove the case." ECF No. 67 at 2. Plaintiff appealed the ruling to the presiding district court judge, who affirmed the denial. ECF No. 86.

Here, the Court finds that Plaintiff's circumstances have not significantly changed since the prior court denied his motion to appoint an expert witness.

ORDER - 7

Therefore, Plaintiff's Second Motion to Appoint an Expert, ECF No. 127, is DENIED.

**IT IS SO ORDERED**:

1. Plaintiff's Second Motion to Appoint Counsel **(ECF No. 69) is DENIED**.

2. Plaintiff's Motion for a Joint Status Report and Discovery Plan **(ECF No. 88) is DENIED**.

3. Plaintiff's Motion to Strike Pending Motions and Expedite a Decision on ECF No. 69 **(ECF No. 93) is DENIED AS MOOT**.

4. Plaintiff's Motion to Add Defendant **(ECF No. 95) is GRANTED**.

5. Plaintiff's Motion for Order Directing Initial Disclosures **(ECF No. 96) is DENIED** because the General Order Plaintiff seeks to enforce is not applicable in the Eastern District of Washington.

6. Plaintiff's Motion to Compel Discovery and Set a Telephonic Conference with the Court **(ECF No. 97) is GRANTED IN PART** consistent with the discovery orders discussed with the parties during the hearing and set forth in this order.

7. Plaintiff's Motion to Strike ECF No. 106 **(ECF No. 107) is GRANTED**.

8. **ECF No. 106 is therefore STRIKEN**.

9. Defendants' Motion to Stay Discovery Pending Resolution of Summary

ORDER - 8

Judgment **(ECF NO. 118) is DENIED**.

10. Plaintiff's Letter (Construed as a Motion to Continue) **(ECF No. 122) is DENIED.**

11. Plaintiff's Motion to Issue a Subpoena *Duces Tecum* **(ECF No. 125) is GRANTED IN PART and HELD IN ABEYANCE IN PART** until after summary judgment proceedings.

12. The Clerk of Court is directed to complete and file a subpoena to be served on the Skokomish Indian Tribe directing disclosure of all information in their possession relating to Charles S. Longshore's mental health. Materials should be sent to:

Charles S. Longshore #332121
FNCO5
Stafford Creek Correction Center
191 Constantine Way
Aberdeen, WA 98520

13. The **USMS is directed to serve** the subpoena on the Skokomish Indian Tribe via US Mail at the following address:

Skokomish Indian Tribe
Attn: Legal Dept
N. 80 Tribal Center Road
Skokomish Nation, WA 98584

14. Plaintiff's Motion to Compel Discovery, Request for Sanctions, and Request for Continuance of Due Date to Respond to Summary Judgment **(ECF No. 126) is HELD IN ABEYANCE** to allow the parties time to

ORDER - 9

rebrief the issue. The Court will take up this motion at the next Telephonic Status Conference on April 11, 2017.

15. Plaintiff's Second Motion to Appoint Exert Witness **(ECF No. 127) is DENIED.**

16. Plaintiff's Motion to Issue a Subpoena *Duces Tecum* **(ECF No. 131) is HELD IN ABEYANCE**.

17. Plaintiff's Motion to Direct Service of Complaint and Process and/or compel the addresses of Listed Defendants **(ECF No. 132) is HELD IN ABEYANCE.**

18. Defendants are directed to complete discovery necessary for Plaintiff to answer ECF No. 111, pursuant to specific directions given during the conference call, by April 22, 2017.

19. Plaintiff is directed to respond to Defendants' Motion for Summary Judgment (ECF No. 111) by May 19, 2017.

20. A telephonic status conference is set for **Tuesday, April 11, 2017 at 9:00 AM**. The parties shall call in five minutes early to the Court's dedicated conference line at 1-877-336-1828. The access code is set at 3873484. The Security Code is 5003.

21. The Clerk of Court is directed to attach a copy of the Local Rules to this order.

ORDER - 10

22. The Clerk of Court is directed to add John Campbell as a defendant.

DATED April 10, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 11