UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT HERZOG et al.,<br><br>　　　　Defendants. | No. 4:17-cv-05003-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 185. Plaintiff requests the Court reconsider its May 9, 2017 order, ECF No. 179, denying Plaintiff's motion to amend the complaint, ECF No. 166. Plaintiff argues that the Court incorrectly decided that claims against proposed defendant Mr. Goodenough should not proceed. As discussed below, Defendant does not show that the Court committed clear error, and the motion is denied.

　　　A motion for reconsideration should only be granted if the Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in

**ORDER DENYING MOTION FOR RECONSIDERATION ^ 1**

the litigation. *Id.*; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff relies on an outdated standard for the presentation of allegations in a complaint. *Compare* Fed. R. Civ. P. 8(a)(2) ("plain statement showing that the pleader is entitled to relief"), *with Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007) (considering Fed. R. Civ. P. 8(a)(2) and concluding that "[f]actual allegations must be enough to raise a right to relief above the speculative level)).

Here, the Court applied the correct standard for amending a complaint, which is legal futility. The Court properly concluded that the claim against Mr. Goodenough is not legally cognizable. *In re Dowell*, 100 Wn.2d 770, 772-75 (1984). Further, there is no factual allegation that Mr. Goodenough disregarded an excessive risk to Plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There is not sufficient factual support for the conclusory allegations that Mr. Goodenough participated in the conspiracy. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Finally, Plaintiff does not address the untimely inclusion of facts regarding Mr. Goodenough's conduct.

Plaintiff's citation to *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) is inapposite, as that decision merely held that clear and convincing evidence is not needed for a section 1983 case against correctional officers to survive summary judgment when the officer's intent is an element of the claim.

## CONCLUSION

For the above reasons, the Court concludes that Plaintiff has not met the high standard for a motion to reconsider, and thus the motion is **denied**.

*//*
*//*
*//*
*//*

**ORDER DENYING MOTION FOR RECONSIDERATION ^ 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, ECF No. 185, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel and to pro se Plaintiff.

**DATED** this 27th day of June, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ^ 3**